IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Reverend WESLEY CARROLL and FAMILY, | ) ) ) | |
| Petitioners | ) ) | |
| vs. | ) ) | |
| | ) | Civil Action No. 09-1465 |
| ROBERT V. BARTH, Clerk of Courts, Western District of Pennsylvania; THE OFFICE OF THE CLERK OF COURT (W.D. Pa.), | ) ) ) | |
| | ) ) | Judge Arthur J. Schwab/ Chief Magistrate Judge Amy Reynolds Hay |
| Respondents | ) ) | |

## REPORT AND RECOMMENDATION

I.      Recommendation

It is recommended that the petition for mandamus be dismissed pre-service pursuant to the Court's inherent power to control its own dockets.

II.      Report

Wesley Carroll is a prolific pro se litigator and prisoner who has sent to this Court a Petition for "Writ of Mandamus" requesting the Court to issue an order in mandamus to the Clerk of this Court based upon the alleged failure to process his many filings.  The Clerk's office received the instant petition and docketed it.

Pursuant to the Court's inherent power to control its own dockets,[1] the Court recommends that this petition be dismissed pre-service because it is repetitious of a prior mandamus petition he

---

[1]   See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes);  Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

sent in to this Court, which was dismissed by the Court of Appeals after being transferred there. In re Carroll, 272 Fed.Appx. 148 (3d Cir. 2008). In the alternative, what the Court of Appeals said of the petition for mandamus filed in the previous suit applies equally here and, so, the present petition should likewise be dismissed.

Although allegedly brought in the name of Prisoner Carroll's family, none of his family has signed the petition. The petition was signed by Prisoner Carroll alone. Prisoner Carroll is not an attorney and cannot sign pleadings on behalf of anyone. 61B Am. Jur. 2d Pleading § 883 (2003)(" A pleading which purports to be filed on behalf of more than one party to a matter must be signed by each party"); Scarella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir. 1976)("Rule 11 of the Federal Rules of Civil Procedure requires that every pleading be signed by the party filing it, or by that party's attorney. Here the notice of appeal, which was purported to be on behalf of all appellants, was signed only by appellant Scarrella, who is not an attorney. Since appellants Bullock and Brisson did not sign the notice of appeal, their appeals must be dismissed."); Williams v. Frame, 145 F.R.D. 65, 65 (E.D. Pa. 1992)("Since Dejesus did not sign the complaint individually and sought to have a non- lawyer 'sign' it for her, the complaint as to Dejesus is not in conformity with Rule 11. Rule 11 states that 'if a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.'"). See Fed.R.Civ.P. 11(a). Hence all of the party petitioners should be dismissed except for Prisoner Carroll to the extent that he is intended to be a party petitioner.

Nor have any of the family members requested to proceed in forma pauperis nor has any filing fee been paid. Prisoner Carroll has attached an IFP request. However, it is noted that

Prisoner Carroll has three strikes against him and cannot proceed in forma pauperis in a "civil action," although he may proceed as a pauper if the filing constitutes a true mandamus action. Madden v. Myers, 102 F.3d 74 (3d Cir. 1996).

Although we have previously recommended transfer to the Court of Appeals of Prisoner Carroll's earlier petition for mandamus against the Judges of this Court and the Clerk of this Court, in the instant case Petitioner seeks only to mandamus the Clerk of this Court and not the Judges of this Court. Furthermore, rather than clog the Court of Appeals docket with the transfer of a patently frivolous mandamus petition, the Court will simply recommend dismissal of the present petition. Prisoner Carroll can always file a mandamus petition in the Court of Appeals, seeking mandamus against the Clerk of this Court, if he so desires.

We recommend dismissal on two grounds. First, we recommend dismissal because this present petition is simply repetitious of his earlier mandamus petition and repetitious litigation is frivolous.

As noted above, Prisoner Carroll has filed a substantially similar mandamus action previously, namely, Carroll v. Court of Common Pleas of Allegheny County, NO. CIV.A. 07-1707, 2008 WL 426272 (W.D.Pa.), of which this Court takes judicial notice. That case was dismissed pre-service in part insofar as it sought mandamus relief against the State Courts, and transferred in part insofar as it sought mandamus relief against the Judges and Clerk of this Court. The Court of Appeals dismissed the transferred portion of the case. In re Carroll, 272 Fed.Appx. 148 (3d Cir. 2008).

"Repetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997)(quotation

marks and alteration omitted).  Here, the instant mandamus petition is clearly repetitious of the earlier mandamus petition, with Carroll again naming the Clerk of this Court and again accusing the Clerk of not filing Prisoner Carroll's many filings.  While it is true that Prisoner Carroll complains of alleged actions taken or not taken by the Clerk since the termination of his earlier mandamus petition, the allegations are of the same general character, i.e., the District Court Clerk is not filing Carroll's filings.  See, e.g., Dkt. [1-2] at 1, (complaining that the Clerk's office did not file something as recent as September 2009).  Hence, pursuant to this Court's inherent power to control its docket, the present suit should be dismissed as malicious due to it being repetitious.

In the alternative, what the Court of Appeals held in dismissing the earlier mandamus petition is equally applicable to the instant petition:

> The writ of mandamus is an extraordinary remedy. To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). No such showing has been made in the instant case.
> While Carroll alleges that various documents submitted to the District Court for filing were never entered on the docket and/or ruled upon by the court, and that many were improperly returned to him with letters from court personnel, he fails to submit anything to support these bald assertions. With the exception of one referenced action, petitioner does not so much as provide the civil action number under which the filings were allegedly submitted. Without such support, it is impossible to conclude that Carroll has a clear and indisputable right to mandamus relief, especially when a review of the District Court docket shows that a steady stream of submissions has been filed in his various civil actions.

In re Carroll, 272 Fed.Appx. at 149.  Hence, the current petition should likewise be dismissed as being unsupported by anything other than bald assertions and as being clearly contradicted by the dockets of this Court, which reflect a steady stream of filings by Prisoner Carroll.  Accordingly, the petition should be dismissed as being factually frivolous.

4

III.    Conclusion

Pursuant to the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.D.2 of the

Local Civil Rules, the parties are allowed to file objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation.  Failure

to timely file objections may constitute a waiver of any appellate rights.  Any party opposing

objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.


Respectfully submitted,


/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 7 January, 2010

cc:     The Honorable
        United States District Judge


        Wesley Carroll- GE8666
        SCI-Waymart
        P.O. Box 256
        Waymart, PA 18472